(117 App. Div. 746)

### HEITZ v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

STREET RAILROADS—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

    The driver of a vehicle, who, when 10 or 15 feet from an electric street railroad track, could see no car approaching within a distance of 500 feet, was not guilty of contributory negligence as a matter of law in attempting to cross the track.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 255–257.]

Appeal from Westchester County Court.

Action by Louis A. Heitz against the Yonkers Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Sydney A. Syme, for appellant.
Bayard H. Ames (Walter Henry Wood, on the brief), for respondent.

MILLER, J. Plaintiff appeals from a judgment dismissing his complaint, on the merits, entered on a nonsuit granted at the close of the plaintiff's evidence, and from an order denying a motion for a new trial.

The action is for negligence, which is claimed to have caused a collision between one of the defendant's trolley cars and the wagon in which the plaintiff was riding, at the intersection of Cassilis avenue and Tuckahoe Road in the city of Yonkers. The plaintiff testified that he was driving north on Cassilis avenue, intending to turn east on the Tuckahoe Road after crossing the defendant's track, which he had to cross, as it was on the south side of the road; that when his horses' heads were from 10 to 15 feet from the track he looked east and then west; that no car was in sight, coming from either direction; that his horses were walking slowly; that, seeing no car in sight and hearing no signal, he allowed his horses to cross the track, and that as the rear wheels were between the two rails the collision occurred; that he had an unobstructed view of about 200 yards in the direction from which the car came. It appears that a car could only be seen for a distance

estimated at 200 yards from Cassilis avenue, because of the grade of the street and a curve. A witness who was standing in Tuckahoe Road, near its intersection with Cassilis avenue, waiting to take the car, testified that he saw the plaintiff put his head out of the covered wagon, apparently looking to the east, just before driving upon the track; that he could not see whether the plaintiff looked in the opposite direction, because of the cover to the wagon; that the witness saw the car coming over the brow of the hill just as or before the plaintiff drove upon the track; and that without any signal or slackening of speed the car crashed into the rear of the wagon. This version of the transaction is corroborated by the testimony of another witness. The learned county judge dismissed the complaint, because he did not believe that the car could go 600 feet while the plaintiff was going 10, and the respondent seeks to sustain the judgment on the theory that the plaintiff's story is incredible.

It does not appear how fast the car was going or how slow the plaintiff's horses were traveling, except as it may be inferred. The distances given are mere estimates. Two witnesses testified positively that the car did not come in sight until just as the plaintiff was about to drive upon the track, and we discover nothing in the evidence to show that this testimony was false. Suppose the distance from the brow of the hill to the point of collision was 500 feet (the estimate is from 500 to 600), a car going at the rate of 40 miles an hour would traverse the distance while the horses were going 25 feet at 2 miles an hour; and that must have been the distance traveled by them if their heads were from 10 to 15 feet from the track when the plaintiff looked. Surely the plaintiff could not be held to be guilty of contributory negligence as a matter of law for attempting to cross the defendant's tracks at a street intersection if, when 10 or 15 feet from the track, he could see that no car was approaching within a distance of 500 feet; and the respondent does not claim that he could. We are required on this review to adopt the inferences most favorable to the plaintiff, and we must not overlook the important fact that the rights of the parties were equal. This is not a steam railroad crossing case like Nelson v. Long Island R. R. Co., 109 App. Div. 626, 96 N. Y. Supp. 246, and in that case we sustained a verdict for the plaintiff. We do not think the credibility of the plaintiff and his two witnesses can be disposed of as a matter of law.

The judgment and order must therefore be reversed, and a new trial ordered; costs to abide the event. All concur.